16-2015-CA-002067-XXXX-MA

Filing # 25471625 E-Filed 03/30/2015 02:18:21 PM

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
FLORIDA

DANGELO GLOVER,

    Plaintiff,

v.

CASE NO.: 16-2015-CA-002067
DIVISION CV-D

BAE SYSTEMS, INC., and
SAFARILAND, LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is a suit for damages and injunctive relief under the Florida Civil Rights Act of 1992, Fla. Stat. Chapter 760 *et seq.* and 42 U.S.C. §1981 brought to remedy employment discrimination based on race.

### JURISDICTION

2. This is an action for damages in excess of $15,000.00, exclusive of prejudgment interest, costs, reasonable attorney fees and injunctive relief.

### PARTIES

3. At all times relevant to this Complaint, Plaintiff is a black African-American.

4. Defendant BAE Systems, Inc. is a foreign corporation doing business in Jacksonville, Florida. At all times relevant to this Complaint, Defendant employed more than 15 persons, and was Plaintiff's employer within the meaning of the Florida Civil Rights Act.

5. Defendant Safariland, LLC is a foreign limited liability company doing business in Jacksonville, Florida. At all times relevant to this Complaint, Defendant employed more than 15 persons, and was Plaintiff's employer within the meaning of the Florida Civil Rights Act.

## CONDITIONS PRECEDENT

6. Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 *Florida Statutes*. A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts complained of herein. This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

## STATEMENT OF FACTS

7. Plaintiff began employment with Remedy Intelligent Staffing, Inc. on or about November 22, 2010. While employed at Remedy Intelligent Staffing, Inc., Plaintiff was assigned to Defendants. Defendants were Plaintiff's joint employer.

8. On or about April 13, 2011, Defendants offered Plaintiff full-time permanent employment.

9. Plaintiff accepted the full-time permanent employment with Defendants.

10. Plaintiff inquired about future opportunities for advancement with Defendants.

11. Defendants then denied Plaintiff the full-time permanent position and informed Plaintiff that it was not in their best interests to hire Plaintiff.

12. Defendants informed the Equal Employment Opportunity Commission that Plaintiff was selected for full-time employment with Defendants, but Plaintiff never appeared and instead voluntarily and abruptly resigned from Remedy Intelligent Staffing, Inc. and Defendants. Defendants also stated that it twice offered Plaintiff a full-time permanent position, but Plaintiff turned it down.

13. Defendants' decision to terminate Plaintiff's employment and/or deny Plaintiff full-time permanent employment and/or not hire him was false and pretextual.

14. Defendants also treated Plaintiff differently from similar situated individuals.

## COUNT I

## UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, §760.01, FLORIDA STATUTES, *ET. SEQ.*

15. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

16. Plaintiff's race was a motivating factor in Defendants' decision to terminate Plaintiff's employment, deny Plaintiff full-time employment and/or not hire him.

17. The reason articulated by Defendants for Plaintiff's termination is a pretext for unlawful discrimination based on race. Moreover, Defendants treated Plaintiff differently than other individuals who are not African-American. Defendants' conduct violated the Florida Civil Rights Act.

18. The race discrimination described above was done intentionally, willfully maliciously, and with a reckless disregard for Plaintiff's rights under state law.

19. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

20. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

21. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

22. Plaintiff's race was a motivating factor in Defendants' decision to terminate Plaintiff's employment, deny Plaintiff full-time employment and/or not hire him.

23. The reason articulated by Defendants for Plaintiff's termination is a pretext for unlawful discrimination based on race. Moreover, Defendants treated Plaintiff differently than other individuals who are not African-American. Defendants' conduct violated 42 U.S.C. §1981.

24. The race discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under federal law.

25. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

26. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161 – Telephone
(904) 725-3410 - Facsimile

Leonard S. Magid, Esq.
Florida Bar No. 0717101
len@magidwilliams.com
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com
Attorneys for Plaintiff

7